UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAVID THOMAS HARRIS BRANTLEY                                                         Plaintiff

v.                                                                           Civil Action No. 3:23-cv-278-RGJ

UNITED STATES GOVERNMENT, *et al.*                                              Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION**

This matter came before the Court on initial review of Plaintiff David Thomas Harris Brantley's *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2). [DE 1]. For the reasons set forth below, the Court will dismiss Plaintiff's claims.

**I.**

On April 10, 2023, Plaintiff initiated this *pro se* action in the Southern District of Indiana. [DE 1]. On June 1, 2023, the Southern District of Indiana transferred this action to the Western District of Kentucky. Since that time, Plaintiff filed several additional notices and motions. [DE 16, DE 17, DE 18, DE 19, DE 20, DE 21].

Plaintiff, a citizen of Kentucky, sues the United States Government and the Canadian Government based on diversity jurisdiction. [DE 1 at 1–3, 10]. In explaining his claim, Plaintiff states:

- Perceptive Evidence, genetic Masonic Buddhist, of childhood in Toronto Canada said kidnapping and Proceeding life in United States.
- Loss of Parental Rites—Jefferson County Attorneys Office, Louisville Ky—Without said Pedophilia conviction.
- Childhood Rape with Hospital admits and surgery. Kosair Childrens Hospital—Punctured Lung; Jewish Hospital—left knee surgery to remove broken hypodermic Needle.
- Unindicted—Federal Grande Jury fifth district approximately 2008.
- Use of informants for said arrest 1989 without actual Police and Miranda Rites.
- Heroine Test, Jefferson County Police Louisville Kentucky. Apprehended at Religious Practice. Tested Blood/Urine without Material Evidence. Passed and released.

- Recruited unsuccessfuly to NDSL, National Leadership Seminar as a Youth in Boy Scouts of America: Neo Nazi Youth Program.
- Present in mutiple surgical Proceedures while Medtronic <u>Infuse</u> Bone Morphogenic Protien was used and promoted off lable.
- Attended Sophomore/Danek sales training pre 1988 Olive Branch Mississippi.
- Loss off employment—Olympus Biotech—for underperformance. Only promoted and did on lable cases—Femoral Non-Unions.
- Independent Contractor Sophomor/Danek Pre 1998 when <u>Infuse</u> Bone Morphogenic Protien was first liscened. Pre off lable Marketing.
- Johnson and Johnson Independent contractor for twelve plus years. Not recognized as pensioned at six years.
- Johnson and Johnson off lable marketing literature of Healos/Cellect as autograft replacement. FDA cleared a Bone Void Filler.
- Childhood taken to multiple Alcoholics Anonymous/Al Anon meeting but not for treatment—pedophilia.
- Pyronox—Fire proof safes and files as <u>child</u>—John D. Brush Company, Fire King International and Kentucky Safe.
- Biomet Spine disolution of contract without cause. Two year contract—Second year unpaid balance $ Two Hundred and Twenty Thousand Dollars.
- Mike O'Connell campaign forced donations from spouse to keep employment.
- First wife sister force pedophilia for approximately four years most days after school.
- Brain Washing Video—Bruce Cohen—with Animals
- Genetic Testing was never produced for marital couple and children per divorce.
- State of poverty per legal definition.
- Out sourced police dogs at concert venue in Boulder Colorado.
- Insulflation of pigs at a surgeon training lab at Ethicon Johnson and Johnson, Blue Ashe Ohio.

[DE 1 at 12–15]. As relief, Plaintiff seeks "[r]eturn of two genetic children," "[t]en thousand per hour . . . for total time involved in said events," and "Masonic Atrocity wage—Modern Slave Act." [*Id.* at 5].

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  "Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist[.]"  *Id.*  "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  *Id.* at 328; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (indicating that an action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible").  The Court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471

(6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328)). *See also Watkins v. NBC*, No. 3:19-CV-12-RGJ, 2019 WL 267738, at *1 (W.D. Ky. Jan. 18, 2019).

### III.

The Court finds that the complaint contains no coherent factual allegations to support a theory upon which a valid legal claim may rest against the United States and Canadian government. While the complaint is legible, "the words often do not form coherent sentences, nor do they convey clear thoughts." *Clervrain v. Sawyer*, No. 1:20-CV-348, 2020 WL 3424893, *2 (W.D. Mich. June 23, 2020). Instead, Plaintiff's complaint is comprised of exactly the type of "fantastic" and "delusional" factual allegations that warrant dismissal for frivolousness. *See, e.g., Burley v. Unknown Defendants*, No. 2:15-CV-143, 2015 WL 8488652, at *3 (S.D. Tex. June 19, 2015). Therefore, the complaint must be dismissed as frivolous.

Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Even liberally construing the *pro se* complaint, which the Court must do, the Court concludes that the allegations meet this standard, as well.

Additionally, both Defendants are immune from suit. Generally, sovereign immunity shields the United States from suit except where it is explicitly waived. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Such a waiver must be "unequivocally expressed" and "cannot be implied." *United States v. King*, 395 U.S. 1, 4 (1969). Here, Plaintiff fails to allege the legal foundation for his claims against the United States, and nothing in the complaint indicates that his cause of action

4

arises under the Federal Tort Claims Act ("FTCA"), or that he is seeking to recover tax refunds. *See*, *e.g.*, *Finger v. United States*, No. 4:20-CV-1013-SRC, 2020 WL 7240355, at *2 (E.D. Mo. Dec. 9, 2020) (citing *White v. United States*, 959 F.3d 328, 332 (8th Cir. 2020); *Barse v. United States*, 957 F.3d 883, 885 (8th Cir. 2020)).

Likewise, the Foreign Sovereign Immunities Act ("FSIA") bars any claims against Canada set forth in the complaint. 28 U.S.C. §§ 1330(b), 1602–1611. The FSIA is the "sole basis for obtaining jurisdiction over a foreign state in our courts." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989). "[J]urisdiction over a foreign sovereign is obtainable only when a specific exception to the FSIA applies." *Dekoven v. Bell*, 140 F. Supp. 2d 748, 759 (E.D. Mich. 2001); *see also Aden v. Somalia Permanent Mission to U.N.*, No. 3:15-CV-00513, 2015 WL 2193858, at *2 (M.D. Tenn. May 11, 2015) (citing 28 U.S.C. § 1604). Plaintiff fails to articulate the legal foundation for his claims against Canada, and nothing in the complaint qualifies in any respect to an exception to the FSIA which would require Canada to answer his claims.

Finally, Plaintiff recently filed notices and motions suggesting that he is seeking injunctive relief asking this federal Court to interfere in pending a state-court, child-custody proceeding. Even if Plaintiff had sued the proper governmental individuals or entities, the relief sought is barred by the *Younger* abstention. The "*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughian*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). "The Sixth Circuit has enunciated three factors used to determine whether to abstain from hearing a case pursuant to *Younger*: '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'"

*Harden v. Stoker*, No. 3:15-CV-P312-DJH, 2015 WL 7302775, at *3 (W.D. Ky. Nov. 18, 2015) (quoting *O'Neill*, 511 F.3d at 643). Here, there is an on-going judicial proceeding. Additionally, the Sixth Circuit recognizes that "traditional domestic relations issues qualify as important state issues under the second element of *Younger*." *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995). Further, Plaintiff has an adequate opportunity in the state proceeding to raise any constitutional challenges.

**IV.**

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date: October 12, 2023

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
A961.014